IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TODD LAWRENCE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:06-CV-318 |
| | ) | |
| JAMES HERMAN, Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte.*

For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint pursuant to 28 U.S.C. section 1915A(b)(2). The Clerk is further **ORDERED** to close this case.

BACKGROUND

Pro se Plaintiff, Todd Anderson, submitted a complaint under 42 U.S.C. section 1983, complaining of conditions at the Allen County Jail. Anderson alleges that jail policies and practices violate his rights protected by the United States Constitution's First, Sixth, and Eighth Amendments.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the Court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. The defendant in this case is a governmental officer.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. The court applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir. 2000). As stated by the Seventh Circuit Court of Appeals:

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>   In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(citations, quotation marks and ellipsis omitted).

Anderson brings this action under 42 U.S.C. section 1983,

which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

First Amendment Claims

In paragraphs one, five, and eleven of his complaint, Anderson alleges that Sheriff Herman does not allow things such as photographs and greeting cards to come in by mail; they must be brought by visitors. He also alleges that visitors who live within 50 miles of the jail are only allowed to visit for 20 minutes at a time. Finally, he asserts that telephone calls to inmates in protective custody are limited to when the inmates are out of their cells.

Prisoners retain their First Amendment rights to communicate with family and friends, *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994), but, for security reasons, jail officials may reasonably regulate correspondence and visits. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989).

According to the complaint, jail policy does not prohibit

3

prisoners from receiving photographs and greeting cards; it only requires that they be brought by visitors rather than sent though the mail. Likewise, the jail does not prohibit visitation or telephone calls, though it does limit the length of visitation and when calls may be made. The policies Anderson complains of do not exceed jail officials' discretion within the First Amendment.

Conditions of Confinement Claims

Anderson alleges that the jail charges prisoners for some hygiene items; that inmates are given only mops and brooms to keep their cells clean; that inmates are required to wash their clothing in sinks and buckets; that showers are only cleaned once a month; that clean sheets, towels, wash-cloths, and uniforms are only issued once a month; that food trays do not always contain salt, pepper, and sugar; that officers don't use gloves when serving food trays; and that there are three inmates to a room, some of whom have to sleep on mats on the floor.

The Fourteenth Amendment's due process clause protects pretrial detainees from cruel and unusual punishments, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). Anderson states that he was a pretrial detainee when these events occurred, so his claims arise under the Fourteenth Amendment. But, "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th

4

Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

The Constitution doesn't mandate comfortable prisons or jails, and "only those deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. at, 298(*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Jails do not have to duplicate the amenities of small hotels, and to make out a claim under 42 U.S.C. section 1983, a prisoner must show that intentional actions of the defendants served to deprive him of a constitutional right. *Martin v. Tyson*, 845 F.2d at 1457. Conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations, *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971); *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring), and conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See Jones-Bey v. Wright*, 944 F. Supp. 723, 732 (N.D. Ind. 1996).

"Obduracy and wantonness rather than inadvertence or mere

5

negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

Jails do not have to duplicate the amenities of small hotels, *Martin v. Tyson*, 845 F.2d at 1457.  The conditions Anderson complains of may have been inconvenient, uncomfortable, and unpleasant, but they did not place his welfare at serious risk or deny him the minimal civilized measure of life's necessities. Accordingly, the conditions he complains of did not violate his Constitutional rights.  *Del Raine v. Williford*, 32 F.3d at 1050.

Access to Legal Materials

Anderson alleges in paragraph three of his complaint that the jail limits access to "law materials pertaining to help with our case to fight in court."  (Complaint at p. 3).  "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817 (1977).  A pre-trial detainee who is without counsel needs the tools necessary to prepare his defense, but jail officials are not required to provide legal materials to an inmate who "was represented by counsel on his criminal charges." *Martin v. Tyson*, 845 F.2d at 1457.  Anderson does not allege that

6

he was not represented by an attorney; he alleges only that he wanted to help with his case.  Accordingly, he states no claim upon which relief can be granted.

CONCLUSION

For the reasons set forth above, the Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint. The Clerk is **FURTHER ORDERED** to close this case.

**DATED:  December 7, 2006**              /s/RUDY LOZANO, Judge
                                          **United States District Court**